IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

Case No.

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA, as subrogee,


    Plaintiff,

v.

HMY YACHT SALES, INC., a Florida Corporation,
FREEDOM YACHT MANAGEMENT L.L.C., a Florida
limited liability company, and,  WILLIAM CRAIG
ROGERS, *sui juris*,

    Defendants.

_____/

**COMPLAINT**

    Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA, as subrogee, ("Plaintiff"), sues Defendants,  HMY Yacht Sales, Inc., a Forida Corporation, Freedom Yacht Management L.L.C., a Florida limited liability company, and, William Craig Rogers, and alleges:

    1. Plaintiff is an insurance company that, in part, insures owners of recreational vessels. At all material times, Plaintiff insured LMP Yachts, LLC ("Insured"), owner of a 2013 64 ft Azimut, hull identification number XAX647E313, named POWERPLAY 4 (hereafter "M/Y POWERPLAY 4").

2. Defendant, HMY Yacht Sales, Inc. ("HMY"), is a Florida Corporation that is involved in business as a yacht brokerage firm.

3. Defendant, Freedom Yacht Management L.L.C. ("Freedom Yacht"), is a Florida limited liability company and is engaged in business in the management of yachts, such as M/Y POWERPLAY 4.

4. Defendant, William Craig Rogers ("Capt. Rogers") is *sui juris* and at all material times has been the holder of Merchant Mariner Credentials No. USA 000310087, licensing him to act as Master on vessels of not more than 500 gross tons.

5. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This Court retains jurisdiction pursuant to 28 U.S.C.A. §1333. Alternatively, some of Plaintiff's causes of action are also within this Court's supplemental jurisdiction pursuant to 28 U.S.C.A. Sec. 1367(a).

6. Prior to February 10, 2017, the M/Y POWERPLAY 4 was kept at a dock in St. Petersburg, Florida. Its Owner, the Insured, was desirous of selling it and contacted HMY to act as boat broker.  HMY recommended that the Vessel be moved to South Florida to enhance the prospects of a sale by showing it at The Miami Boat Show.

7. In this regard, HMY recommended to Insured that it engage Freedom Yacht to maintain, upkeep, and move the M/Y POWERPLAY 4 to South Florida. M/Y POWERPLAY 4 was thereafter moved and docked behind a private

residence in Fort Lauderdale.

8. At some point in time just prior to February 10, 2017, HMY decided to exhibit the M/Y POWERPLAY 4 at The Miami Boat Show. To this end, and upon information and belief for its own account, HMY instructed Freedom Yacht to move M/Y POWERPLAY 4 from Fort Lauderdale to Miami to be exhibited at the Miami Boat Show.

9. HMY or Freedom Yacht, or both, selected Capt. Rogers to move M/Y POWERPLAY 4 from Fort Lauderdale to the Miami Boat Show. Capt. Rogers was assisted by mate Alden Trollip.

10. At approximately 10:00 a.m. on February 10, 2017, while under the command of Capt. Rogers, M/Y POWERPLAY 4 was on navigable waters sailing her final descent into Indian Creek to clear under the Indian Creek Bridge. While rounding Allison Island, contrary to prudent seamanship, in violation of sections of the Florida Administrative Code that concern State boating restricted areas, as well as State and Federal manatee protection zones and areas, as well as in violation of clearly posted signs that stated "SLOW SPEED" and "MINIMUM WAKE", Capt. Rogers sped through the Allison Island turn causing great wakes that caused damage to a vessel named M/Y SEA TABBY, a classic 1938 61' Trumphy that was moored behind a residence on Allison Island located at 6650 Allison Rd., Miami Beach, Florida, 33139, and which is owned by Morning Wings Charter Corp. ("Morning Wings").

11. As a result of the damage caused to the M/Y SEA TABBY, a claim was presented to Insured by Morning Wings.  The damage to Morning Wings and the M/Y SEA TABBY totalled $241,142.12.

12. As Plaintiff provided liability coverage to Insured, Plaintiff paid Morning Wings the total amount of $241,142.12 and has become subrogated to all of its Insured's rights and interests to the extent of payments made.

13. Plaintiff has hired the undersigned law firm to represent it in this action and has agreed to pay the undersigned firm attorney's fees and costs. Plaintiff is entitled to recover attorney's fees from each and all Defendants and costs under the law of indemnity.

## COUNT I
## (Breach of Contract – HMY)

Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 12 and further states:

14. Prior to the institution of this action, Insured and HMY entered into a contract, either oral or written, wherein HMY would act as a sales broker and obtain offers for the purchase of M/Y POWERPLAY 4. HMY would receive a commission at closing from the sale of M/Y POWERPLAY 4. As part of the terms of the contract, HMY undertook to ensure that the M/Y POWERPLAY 4 be safely moved to The Miami Boat Show from its mooring location in Fort Lauderdale.

15.  HMY breached its contract with Insured by failing to safely

move the M/Y POWERPLAY 4 to The Miami Boat Show.

16. As a result of HMY's breach, Insured and Insured's subrogor have been damaged.

WHEREFORE, Plaintiff respectfully requests this Court that it enter judgment for damages against Defendant, HMY Yacht Sales, Inc., for the amount of $241,142.12 and other amounts that may have been paid under the insurance policy plus surveyors' costs, prejudgment interest and costs of Court.

## COUNT II
### (Negligent Performance of Undertaking to Render Services - HMY)

Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 12 and alternatively states:

17. HMY undertook, gratuitously or for consideration, to render services to Insured which HMY should have recognized as necessary to protect Insured and M/Y POWERPLAY 4 by way of safely moving M/Y POWERPLAY 4 from its mooring location in Fort Lauderdale to The Miami Boat Show. HMY undertook to have a vessel Captain retained to move the M/Y POWERPLAY 4.

18. HMY failed to exercise reasonable care as follows:

a. Failed to inquire as to the Captain's qualifications.

b. Failed to obtain references on the Captain.

c. Failed to inquire whether the Captain had current liability insurance.

d. Failed to ensure that the selected Captain would exercise the requisite skill and care to safely and prudently navigate the M/Y POWERPLAY 4 to the Miami Boat Show.

e. Failed to determine whether Capt. Rogers was knowledgeable and familiar with the rules and regulations of the waterways that he would be navigating in moving the M/Y POWERPLAY 4 to The Miami Boat Show.

f. Failed to instruct Capt. Rogers to follow all posted speed regulations while navigating from Fort Lauderdale to The Miami Boat Show.

g. Failed to instruct that Capt. Rogers to operate M/Y POWERPLAY 4 in a safe and proper manner.

h. Otherwise failed to exercise reasonable care in the manner and selection of the Captain.

19. HMY's failure to exercise such care increased the risk of harm to Insured and thereby its subrogee or the harm to Insured and its subrogee was suffered as Insured relied on HMY to have the M/Y POWERPLAY 4 moved with due care.

20. As a result of HMY's breach of its duty to perform its undertaking in a non-negligent manner, Insured and its subrogee have been damaged.

21. HMY's breach of its duty proximately caused the damage suffered.

WHEREFORE, Plaintiff respectfully requests this Court that it

enter judgment for damages against Defendant, HMY Yacht Sales, Inc., for the amount of $241,142.12 and other amounts that may have been paid under the insurance policy plus surveyors' costs, prejudgment interest and costs of Court.

## COUNT III
## (Negligent Selection of Independent Contractor – HMY)

Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 12 and alternatively states:

22. As HMY was moving the M/Y POWERPLAY 4 to The Miami Boat Show with the expectation that it would secure a buyer and thereby sell the M/Y POWERPLAY 4 and earn a commission on the sale, HMY was under a duty to Insured to exercise reasonable care in selecting a Captain that was competent and knowledgeable of good seamanship as well as posted speed limits along the route through which he was going to navigate M/Y POWERPLAY 4.

23. HMY breached that duty by selecting Capt. Rogers who was not competent and unfamiliar with posted speed limits. HMY further acted negligently by not inquiring as to all those matters set forth in Paragraph 15 (a) through (h), *supra*.

24. Captain Rogers was incompetent or unfit at the time of his hiring and, as a result, acted negligently and caused the alleged damages in the manner stated.

25. HMY knew or reasonably should have known of this

incompetence or unfitness.

26. The Plaintiff's injury was the proximate result of this incompetence or unfitness.

WHEREFORE, Plaintiff respectfully requests this Court that it enter judgment for damages against Defendant, HMY Yacht Sales, Inc., for the amount of $241,142.12 and other amounts that may have been paid under the insurance policy plus surveyors' costs, prejudgment interest and costs of Court.

**COUNT IV**
**(Breach of Contract Freedom Yacht)**

Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 12 and further states:

27. Prior to the institution of this action, Insured and Freedom Yacht entered into a contract wherein Freedom Yacht agreed to maintain the M/Y POWERPLAY 4 while in the South Florida and to safely and competently move the M/Y POWERPLAY 4 when it was necessary, such as to The Miami Boat Show.

28. Freedom Yacht breached its contract with Insured by failing to safely moving the M/Y POWERPLAY 4 to The Miami Boat Show.

29. As a result of Freedom Yacht's breach, Insured and Insured's subrogor have been damaged.

WHEREFORE, Plaintiff respectfully requests this Court that it enter judgment for damages against Defendant, Freedom Yacht Management,

**MEJER LAW, P.A.**
------------------------------
SUN TRUST PLAZA –201 ALHAMBRA CIRCLE–SUITE 504, CORAL GABLES, FL 33134
Telephone 305-444-3355 Telefax 305-442-4300
PAGE 8

LLC, for the amount of $241,142.12 and other amounts that may have been paid under the insurance policy plus surveyors' costs, prejudgment interest and costs of Court.

### COUNT V
### (Negligent Performance of Undertaking to Render Services - Freedom Yacht)

Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 12 and alternatively states:

30. Freedom Yacht undertook, gratuitously or for consideration, to render services to Insured by way of safely moving M/Y POWERPLAY 4 from its mooring location in Fort Lauderdale to The Miami Boat Show. Freedom Yacht undertook to have a vessel Captain retained to move the M/Y POWERPLAY 4.

31. Freedom Yacht failed to exercise reasonable care as follows:

a. Failed to inquire as to the Captain's qualifications.

b. Failed to obtain references on the Captain.

c. Failed to inquire whether the Captain had current liability insurance.

d. Failed to ensure that the selected Captain would exercise the requisite skill and care to safely and prudently navigate the M/Y POWERPLAY 4 to the Miami Boat Show.

e. Failed to determine whether Capt. Rogers was knowledgeable

and familiar with the rules and regulations of the waterways that he would be navigating in moving the M/Y POWERPLAY 4 to The Miami Boat Show.

f. Failed to instruct Capt. Rogers to follow all posted speed regulations while navigating from Fort Lauderdale to The Miami Boat Show.

g. Failed to instruct that Capt. Rogers to operate M/Y POWERPLAY 4 in a safe and proper manner.

h. Otherwise failed to exercise reasonable care in the manner and selection of the Captain.

32.   Freedom Yacht's failure to exercise such care increased the risk of harm to Insured and thereby its subrogee or the harm to Insured and its subrogee was suffered as Insured relied on HMY to have the M/Y POWERPLAY 4 moved with due care.

33. As a result of Freedom Yacht's breach of its duty of due care, Insured and its subrogee have been damaged.

34. Freedom Yacht's breach of its duty proximately caused the damage suffered.

WHEREFORE, Plaintiff respectfully requests this Court that it enter judgment for damages against Defendant, Freedom Yacht Management L.L.C., for the amount of $241,142.12 and other amounts that may have been paid under the insurance policy plus surveyors' costs, prejudgment interest and costs of Court.

## COUNT VI
### (Negligent Selection of Independent Contractor – Freedom Yacht)

Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 12 and alternatively states:

35. Freedom Yacht HMY was under a duty to Insured to exercise reasonable care in selecting a Captain that was competent and knowledgeable of good seamanship as well as posted speed limits along the route through which he was going to navigate M/Y POWERPLAY 4.

36. Freedom Yacht breached that duty by selecting Capt. Rogers who was not competent and unfamiliar with posted speed limits. Freedom Yacht further acted negligently by not inquiring as to all those matters set forth in Paragraph 31 (a) through (h), *supra*.

37. Captain Rogers was incompetent or unfit at the time of his hiring and, as a result, acted negligently and caused the alleged damages in the manner stated.

38. Freedom Yacht knew or reasonably should have known of this incompetence or unfitness.

39. The Plaintiff's injury was the proximate result of this incompetence or unfitness.

WHEREFORE, Plaintiff respectfully requests this Court that it enter judgment for damages against Defendant, Freedom Yacht Management L.L.C., for the amount of $241,142.12 and other amounts that may have been paid under the insurance policy plus surveyors' costs, prejudgment interest and costs of Court.

## COUNT VII
### (Breach of Contract Capt. Rogers)

Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 12 and further states:

40. Prior to the institution of this action, Insured and Capt. Rogers entered into a contract wherein Capt. Rogers agreed to safely and competently move the Insured to The Miami Boat Show from its mooring place in Fort Lauderdale.

41. Capt. Rogers breached his contract with Insured by failing to safely moving the M/Y POWERPLAY 4 to The Miami Boat Show.

42. As a result of Capt. Roger's breach, Insured and Insured's subrogor have been damaged.

WHEREFORE, Plaintiff respectfully requests this Court that it enter judgment for damages against Defendant, William Craig Rogers, for the amount of $241,142.12 and other amounts that may have been paid under the insurance policy plus surveyors' costs, prejudgment interest and costs of Court.

## COUNT VIII
### (Negligence Capt. Rogers)

Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 12 and alternatively states:

43. By agreeing to move the M/Y POWERPLAY 4 to The Miami Boat Show, there devolved upon Capt. Rogers a special duty to navigate M/Y

**MEJER LAW, P.A.**

SUN TRUST PLAZA –201 ALHAMBRA CIRCLE–SUITE 504, CORAL GABLES, FL 33134
TELEPHONE 305-444-3355 TELEFAX 305-442-4300
PAGE 12

POWERPLAY 4 with the same due care and skill as a reasonably prudent skipper under the same circumstances and to take all reasonable steps to minimize the chance of harm to others.

44. Amongst other improper acts, Capt. Rogers breached his duties by navigating M/Y POWERPLAY 4 in a navigable channel in an excessive speed and by failing to adhere to Florida Administrative Code §68C-22.025 and other State and Federal rules and regulations, as they apply in an area that was designated "slow speed/manatee zone" and thereby creating excessive wake.

45. The wake that Capt. Rogers generated by the excessive speed that he navigated the M/Y POWERPLAY 4 caused the M/Y SEA TABBY to roll, pitch, and be slammed into the dock several times, causing serious.

46. As a result of Capt. Rogers' breach of duty to exercise due care and follow posted speed regulations in no wake zone areas, Insured was damaged in that a claim was filed with Insured for which Plaintiff responded as required by the insurance policy it had issued to Insured. As a result of payment made for the account of Insured to Morning Wings for the damage inflicted by Capt. Rogers, Plaintiff has become subrogated to all of Insured's rights and interests to the extent of payment made.

WHEREFORE, Plaintiff respectfully requests this Court that it enter judgment for damages against Capt. Rogers for the amount of $241,142.12 and other amounts that may have been paid under the insurance

policy plus surveyors' costs, prejudgment interest and costs of Court.

## COUNT IX
### (Breach of Warranty of Workmanlike Performance by Capt. Rogers)

Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 12 and further states:

47.  Capt. Rogers breached the implied warranty of workmanlike performance in connection with the manner that he navigated the M/Y POWERPLAY 4 to The Miami Boat Show by failing to perform his services in a skilled and workmanlike manner as well as by failing to use the degree of diligence, attention, and skill adequate to properly navigate the M/Y POWERPLAY 4.

48. As a result of Capt. Roger's breach of the implied warranty of workmanlike performance, Plaintiff sustained damage.

WHEREFORE, Plaintiff respectfully requests this Court that it enter judgment for damages against Capt. Rogers for the amount of $241,142.12 and other amounts that may have been paid under the insurance policy plus surveyors' costs, prejudgment interest and costs of Court.

## COUNT X
### (Vicarious Liability Against Freedom Yacht under Respondeat Superior)

Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 12 and alternatively states:

49. Freedom Yacht was responsible for moving the M/Y POWERPLAY 4 from Fort Lauderdale to The Miami Boat Show.

50. Freedom Yacht appointed its agent Capt. Rogers to move the M/Y POWERPLAY 4.

51. Freedom Yacht and Capt. Rogers controlled the method and manner that M/Y POWERPLAY 4 would be moved.

52. Capt. Rogers, Freedom Yacht's agent, was negligent when he failed to exercise reasonable care to avoid damaging other vessels by failing to:

a. Be knowledgeable and familiar with the rules and regulations of the waterways that he would be navigating in moving the M/Y POWERPLAY 4 to The Miami Boat Show.

b. Failing to follow all posted speed regulations while navigating from Fort Lauderdale to The Miami Boat Show.

c. Ensuring that he operated M/Y POWERPLAY 4 in a safe and proper manner.

53. Freedom Yacht HMY had a duty to control and exert control over its agent, Capt. Rogers.

54. Freedom Yacht is therefore vicariously liable for the negligent acts of Capt. Rogers, its agent, who was acting withing the course of his agency when Capt. Rogers proximately caused the damage to the MY SEA TABBY.

55. As a direct and proximate result of Capt. Roger's negligence, Insured, and thereby Plaintiff as subrogee, suffered damages.

WHEREFORE, Plaintiff respectfully requests this Court that it enter judgment for damages against Defendant, Freedom Yacht Management L.L.C., for the amount of $241,142.12 and other amounts that may have been paid under the insurance policy plus surveyors' costs, prejudgment interest and costs of Court.

### COUNT XI
### (Apparent Agency by Freedom Yacht

Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 12, 49 through 55 and alternatively states:

56. Freedom Yacht manifested that Capt. Rogers was its agent by allowing Captain Rogers to wear a shirt exhibiting Freedom Yacht's name and logo, by allowing Capt. Rogers to identify himself as "Corporate Captain Account Manager at Freedom Yacht Services", by providing Capt. Rogers with the gate code to enter the property where the M/Y POWERPLAY 4 was moored, by informing Capt. Rogers where the keys were in order to start the engines. As a result of these manifestations and actions, Insured was lead to believe that Capt. Rogers had the authority to act for the benefit of Freedom Yacht.

57. Insured's belief that Capt. Rogers was acting as agent for Freedom Yacht was reasonable.

58. Insured reasonable relied on said representation by Freedom Yacht to its detriment.

WHEREFORE, Plaintiff respectfully requests this Court that it

enter judgment for damages against Defendant, Freedom Yacht Management L.L.C., for the amount of $241,142.12 and other amounts that may have been paid under the insurance policy plus surveyors' costs, prejudgment interest and costs of Court.

### COUNT XII
### (Indemnity against HMY)

Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 13 and alternatively states:

59. Insured, and thereby Plaintiff, at all material times was not negligent and only vicariously or constructively liable for the conduct of Freedom Yacht and Capt. Rogers, agents for HMY.

60. HMY must indemnify Plaintiff as Plaintiff's subrogor, Insured, was without fault regarding the injuries suffered by MY SEA TABBY.

61. HMY and its agents, Freedom Yacht and Capt. Rogers are wholly at fault for MY SEA TABBY's damage.

62. Insured, and thereby Plaintiff, was under compulsion to pay for damage to the MY SEA TABBY or face legal action, to include an action *in rem* against M/Y POWERPLAY 4.

63. The settlement and payment that was made by Plaintiff was reasonable.

WHEREFORE, Plaintiff seeks indemnity from HMY for all amounts paid including attorney's fees for bringing this action.

**MEJER LAW, P.A.**
------------------------

## COUNT XIII
### (Indemnity against Freedom Yacht)

Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 13 and alternatively states:

64. Insured, and thereby Plaintiff, at all material times was not negligent and only vicariously or constructively liable for the conduct of Capt. Rogers, agent for Freedom Yacht.

65. Freedom Yacht must indemnify Plaintiff as Plaintiff's subrogor, Insured, was without fault regarding the injuries suffered by MY SEA TABBY.

66. Freedom Yacht and its agent, Capt. Rogers, are wholly at fault for MY SEA TABBY's damage.

67. Insured, and thereby Plaintiff, was under compulsion to pay for damage to the MY SEA TABBY or face legal action, to include an action *in rem* against M/Y POWERPLAY 4.

68. The settlement and payment that was made by Plaintiff was reasonable.

WHEREFORE, Plaintiff seeks a indemnity from Defendant, Freedom Yacht Management L.L.C. for all amounts paid including attorney's fees for bringing this action.

## COUNT XIV
### (Indemnity against Capt. Rogers)

Plaintiff reiterates and realleges the allegations contained

in Paragraphs 1 through 13 and further states:

69. A special relationship existed between Insured and Capt. Rogers at the moment that Capt. Rogers took command of M/Y POWERPLAY 4. Capt. Rogers' alleged expertise and total control of the navigation of the M/Y POWERPLAY 4 placed him in the best position to avoid harm to innocent third parties. Capt. Rogers impliedly warranted performance of his services in a workmanlike manner and thereby impliedly agreed to indemnify Insured for any liability resulting from a breach of warranty.

70. Insured, and thereby Plaintiff, at all material times was not negligent and only vicariously or constructively liable for the conduct of Capt. Rogers.

71. Capt. Rogers must indemnify Plaintiff as Plaintiff's subrogor, Insured, was without fault regarding the injuries suffered by MY SEA TABBY.

72. Capt. Rogers is wholly at fault for MY SEA TABBY's damage.

73. Insured, and thereby Plaintiff, was under compulsion to pay for damage to the MY SEA TABBY or face legal action, to include an action *in rem* against M/Y POWERPLAY 4.

74. The settlement and payment that was made by Plaintiff was reasonable.

WHEREFORE, Plaintiff seeks a indemnity from Defendant, William Craig Rogers for all amounts paid including attorney's fees for bringing

this action.

## COUNT XV
**(Contribution HMY, Freedom Yacht, and Capt. Rogers)**

Plaintiff reiterates and realleges the allegations contained in Paragraphs 1 through 12 and alternatively states:

75. Insured reasonable re At all material times Insured was a concurrent tortfeasor with HMY, Freedom Yacht, and Capt. Rogers.

76. Insured, HMY, Freedom Yacht, and Capt. Rogers, together owed a common legal liability to MY SEA TABBY and its Owner.

77. Insured, through Plaintiff, settled its claim with the MY SEA TABBY and its Owner.

78. Plaintiff seeks contribution from one or more of HMY, Freedom Yacht, and Capt. Rogers for any amounts paid by Plaintiff, as Insured's subrogee, in excess of Plaintiff's proportionate share of responsibility pursuant to common law, the general maritime law, or alternatively with the Florida Uniform Contribution Among Tortfeasors Act contained in Florida Statutes §768.31.

WHEREFORE, Plaintiff respectfully demands contribution from Defendant, HMY Yacht Sales, Inc, Freedom Yacht Management L.L.C., and William Craig Rogers, in proportion to each party's fault and such additional relief that the Court deems appropriate.

*Alvaro L. Mejer*
Alvaro L. Mejer

**MEJER LAW, P.A.**
---
**SUN TRUST PLAZA –201 ALHAMBRA CIRCLE–SUITE 504, CORAL GABLES, FL 33134**
**TELEPHONE 305-444-3355 TELEFAX 305-442-4300**

```
                          Fla Bar No. 222623
                          MEJER LAW, P.A.
                          Sun Trust Plaza / Suite 504
                          201 Alhambra Circle
                          Coral Gables, Florida 33134
                          Telephone (305) 444-3355
                          Telefax (305) 442-4300
                          E-mail: amejer@mejerlaw.com
                          Alvaromejer@gamil.com
                          Annie@mejerlaw.com
```

**MEJER LAW, P.A.**

**Sun Trust Plaza –201 Alhambra Circle-Suite 504, Coral Gables, FL 33134**
**Telephone 305-444-3355 Telefax 305-442-4300**
**PAGE 21**